UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PENG CHAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TIME WARNER INC., a Delaware corporation; MAZHER MAHMOOD; JIM BARKSDALE; JOHN HANKE; CHRIS DeWOLF; NEWS CORPORATION, INC., a Delaware corporation; ALPHABET, INC., a Delaware corporation; BARRY DILLER; EDGAR BRONFMAN, JR.; KLEINER PERKINS CAUFIELD, LLC, a California limited liability company,<br><br>Defendants. | Case No. 5:16-CV-06268-EJD<br><br>**ORDER GRANTING DEFENDANT TIME WARNER'S MOTION FOR MORE DEFINITE STATEMENT**<br><br>Re: Dkt. No. 25 |

Plaintiff Peng Chan filed a 215-page amended complaint. Dkt. No. 18. Defendant Time Warner Inc. moves for a more definite statement. Dkt. No. 25. Time Warner's motion will be GRANTED.

1

Case No.: 5:16-CV-06268-EJD
ORDER GRANTING DEFENDANT TIME WARNER'S MOTION FOR MORE DEFINITE STATEMENT

1  A party can move for a more definite statement when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Such motions are "viewed with disfavor, and are rarely granted." Cellars v. Pac. Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999). Rule 12(e) motions challenge the intelligibility of the complaint, not the lack of detail, and should be denied if the complaint notifies the defendant of the substance of the claims. Beery v. Hitachi Home Elecs., Inc., 157 F.R.D. 477, 480 (C.D. Cal. 1993). "If the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied." Id.

The substance of Plaintiff's claims is nearly impossible to discern. The complaint fails to allege the elements of specific causes of action, and it fails to clearly explain how Time Warner's conduct is involved. Many portions are copied verbatim from Greenspan v. IAC/InterActive Corp., No. 5:14-cv-04187-RMW (N.D. Cal. filed Dec. 30, 2014), where the complaint was dismissed with prejudice and the plaintiff was declared to be a vexatious litigant.

Time Warner argues that the complaint does not provide a sufficient basis for it to reasonably prepare a response. Dkt. No. 25; see also McHenry v. Renne, 84 F.3d 1172, 1177, 1179 (9th Cir. 1996) (holding that relief under Rule 12(e) was appropriate where the complaint was "argumentative, prolix, replete with redundancy, and largely irrelevant"). The Court agrees. Plaintiff is ordered to restate his allegations clearly and succinctly.

**IT IS SO ORDERED.**

Dated: June 20, 2017

EDWARD J. DAVILA
United States District Judge

2
Case No.: 5:16-CV-06268-EJD
ORDER GRANTING DEFENDANT TIME WARNER'S MOTION FOR MORE DEFINITE STATEMENT