UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PENG CHAN,<br><br>Plaintiff,<br><br>v.<br><br>TIMEWARNER, INC., et al.,<br><br>Defendants. | Case No. 5:16-cv-06268-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL AND MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. Nos. 55, 56 |

Defendant Time Warner Inc. moved for a more definite statement on January 13, 2017. Dkt. No. 25. This Court granted the motion, and under Fed. R. Civ. P. 12(e), Plaintiff Peng Chan had 14 days to comply. Dkt. No. 52. Chan failed to do so. On July 27, this Court issued an order to show cause, requiring Chan to comply with the Court's order or to demonstrate good cause why the case should not be dismissed with prejudice. Dkt. No. 54. Chan again failed to do so.

Instead, Chan filed a motion for recusal on August 3. Dkt. No. 55. The Court finds that Chan's motion is untimely because it was filed more than seven months after this action commenced, and only after Chan received an adverse ruling. See Heilman v. Sanchez, No. 2:10-cv-01120 JAM DAD , 2015 WL 5813420, at *3 (E.D. Cal. Sept. 30, 2015) ("Granting a motion to recuse many months after an action has been filed wastes judicial resources and encourages manipulation of the judicial process."). Chan's motion also lacks merit. Chan argues that recusal is warranted because Judge Davila serves on the 19-person Santa Clara Law Advisory Board with an employee of defendant Oracle Corporation and an employee of defendant Verizon Inc. Dkt. No.

Case No.: 5:16-cv-06268-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL AND MOTION FOR RECONSIDERATION

1

United States District Court
Northern District of California

55 at 4–10. This argument falls short of satisfying the "substantial burden" that Chan must satisfy to show that recusal is warranted under 28 U.S.C. § 455(a). See Torres v. Chrysler Fin. Co., No. C 07-00915 JW, 2007 WL 3165665, at *2 (N.D. Cal. Oct. 25, 2007) ("Since a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased."). Accordingly, Chan's motion for recusal is denied.

Chan also moves for leave to file a motion for reconsideration of this Court's order granting Time Warner's motion for a more definite statement. Dkt. No. 56. Chan's sole argument is that Chan has "learned of certain facts regarding Judge Davila that give rise to a potential basis for recusal." Id. at 3. The Court denies Chan's motion for reconsideration because, as discussed above, Chan has not established that recusal is warranted.

Because Chan has failed to comply with this Court's order to show cause (Dkt. No. 54), Chan's action is dismissed with prejudice. The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: September 13, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-06268-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL AND MOTION FOR RECONSIDERATION

2