UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

PENG CHAN,
    Plaintiff,

v.

TIMEWARNER, INC., et al.,
    Defendants.

Case No. 5:16-cv-06268-EJD

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Re: Dkt. No. 64

Plaintiff Peng Chan ("Chan") moves under Federal Rule of Civil Procedure 59(e) for reconsideration of the Court's Order Denying Plaintiff's Motion for Recusal and Motion for Reconsideration (Dkt. No. 60) ("Order"). This matter is suitable for decision without oral argument, and the hearing scheduled for March 1, 2018 will be vacated. Civ. L.R. 7-1(b). After carefully considering the parties' submissions, the Court DENIES Chan's motion for the following reasons:

First, Chan's motion is untimely. Rule 59(e) requires that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Chan filed his motion on October 17, 2017, which was *34* days after the Court entered judgment on September 13, 2017. *See* Dkt. Nos. 61, 64.

Second, even if the Court were to look past Chan's untimeliness and consider his motion under Rule 59(e), his motion lacks merit. A motion for reconsideration under Rule 59(e) is an "extraordinary remedy" which "should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks and citation

Case No.: 5:16-cv-06268-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
1

omitted). "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotation marks and citation omitted).

In his motion, Chan appears to focus on the "manifest errors of law or fact" basis, identifying four alleged "misapprehensions" which he contends are present in the Court's Order. All of these lack merit. First, Chan argues that the Court misunderstood the relief requested in his Motion for Leave to File a Motion for Reconsideration (Dkt. No. 56). Mot. 4. Not so. That motion sought "leave to file a motion for reconsideration of [the Court's order granting Defendant's Motion for a More Definite Statement]," Dkt. No. 56 at 3, and the Court denied the same, Dkt. No. 60 at 2. Second, Chan claims that the Court misidentified named Defendants because its order referred to "defendant Verizon, Inc." when Verizon is not named as a defendant in Chan's Complaint. Mot. 4. Setting aside that Chan himself termed Verizon, Inc. a "Sub-Class A Defendant" in his Motion for Recusal, Dkt. No. 55 at 5, the Court's passing use of "defendant" in referring to Verizon, Inc. is not an "error . . . upon which the judgment is based." *Turner*, 338 F.3d at 1063. As such, it cannot serve as a basis for Chan's Rule 59(e) motion. As to the final two "misapprehensions" identified by Chan, Chan appears to take issue with the fact that the Court's Order did not specifically address Chan's arguments regarding certain individuals or associations which Chan identified as "conflicts." Mot. 4-5. This too is not persuasive. The Court's Order addressed the entirety of Chan's Motion for Recusal, including these alleged conflicts. *See* Dkt. No. 60 ("Chan's motion is untimely . . . . Chan's motion lacks merit."). It need not specifically respond to Chan's arguments line-by-line to confirm the same. Accordingly, Chan fails to identify any grounds upon which reconsideration under Rule 59(e) is warranted.

At base, Chan's motion is a thinly veiled attempt to get the Court to consider the same arguments that he raised in his original Motion for Recusal and Motion for Leave. *Compare* Dkt.

Case No.: 5:16-cv-06268-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
2

Nos. 55, 56, *with* Dkt. No. 64. However, "[a] motion for reconsideration is not a vehicle by which a party may rehash arguments and facts that the court has already considered in making the original ruling." *Villa v. Gipson*, No. 1:13-cv-00814-AI-KSO HC, 2015 WL 5331618, at *2 (E.D. Cal. Sept. 11, 2015). It may be that Chan disagrees with the Court's Order, but reconsideration under Rule 59(e) is not the proper recourse.

Finally, the Court notes that Chan also is not entitled to relief under Rule 60(b). As Defendants—not Chan—point out, "the court may construe an untimely motion for reconsideration brought under Rule 59(e) as a motion based on Rule 60(b)." *Aronson v. Dog Eat Dog Films, Inc.*, 738 F. Supp. 2d 1104, 1120 (W.D. Wash. 2010); *Mt. Graham Red Squirrel v. Madigan,* 954 F.2d 1441, 1463 n.35 (9th Cir. 1992). However, for the same reasons discussed above, there are also no "extraordinary circumstances" here that qualify Chan for relief under Rule 60(b). *See* Rule 60(b) (listing reasons under which a court may provide relief from a final judgment); *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009) ("The exercise of a court's ample equitable power under Rule 60(b)(6) to reconsider its judgment requires a showing of extraordinary circumstances.") (internal quotation marks and citation omitted).

Accordingly, for the foregoing reasons, Chan's motion for reconsideration of the Court's Order Denying Plaintiff's Motion for Recusal and Motion for Reconsideration (Dkt. No. 60) is DENIED.

**IT IS SO ORDERED.**

Dated: February 26, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-06268-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
3